PER CURIAM.
We have before us a proposed amendment to Rule of Judicial Administration 2.050 to establish time standards for disposition of cases in trial and appellate courts. The amendment, however, affects the administration of the district courts of appeal as well as the trial courts and should, therefore, be treated as a new rule rather than as an amendment to Rule of Judicial Administration 2.050.
By this rule we address the problem of court delay. Processing cases through our courts requires adequate time to resolve those cases in a contemplative, fair and just manner. We recognize, however, that the judicial process necessarily affects many aspects of the lives of our citizens. Enterprises are suspended and important personal and professional decisions must be deferred while litigation is pending. Courts must be deliberative, but the public is ill served by unwarranted delay. This concern impels the adoption of the rule we announce today. There are many avenues which can be explored to reduce court delay, but we must first establish a definition of delay and some standard for measuring it. Several national organizations concerned with the operation of the judiciary have in recent years studied and discussed the issues surrounding court delay. In response to these studies, the National Conference of Chief Justices, the National Conference of State Trial Judges, the American Bar Association, and the National Conference of State Court Administrators, among other groups, developed time standards for the disposition of cases.
In Florida, the Court Efficiency Committee, created by Chief Justice Joseph A. Boyd, Jr. and chaired by Justice Ben F. Overton, reviewed the separate recommendations of these national organizations as well as the time standards established by the courts in Idaho, Iowa, Kansas, and Texas. As a result of its study, the Court Efficiency Committee recommended specific time standards for disposition of certain types of cases in the trial and appellate courts of Florida.
The Court Efficiency Committee was supplanted by the Judicial Council of Florida with an expanded membership, including the leadership of the Conference of District Court of Appeal Judges, the Conference of Circuit Judges, and the Conference of County Court Judges. In March 1985, the Judicial Council discussed the issue and unanimously endorsed the recommendation of the Court Efficiency Committee.
On April 12, 1985, Chief Justice Boyd adopted the time standards as recommended by the Court Efficiency Committee and the Judicial Council in an administrative order effective July 1, 1985. On September 20, 1985, Chief Justice Boyd required the clerks of the circuit and county courts to submit quarterly reports identifying the cases that exceeded the time standards. He also directed the Court Statistics and Workload Committee, chaired by Justice Rosemary Barkett, to draft a proposed Rule of Judicial Administration incorporating the time standards contained in the administrative order of April 12, 1985.
The proposed rule was submitted to The Florida Bar Board of Governors through the Committee on Rules of Judicial Administration and was endorsed with some minor modifications. The Judicial Council, whose membership had changed, reconsidered the issue and the proposed rule pres *424 ently before us and again unanimously endorsed the concept of time standards and urged the adoption of the rule.
We are aware that the standards we adopt herein must continue to be studied and evaluated. Moreover, we recognize that time standards are only one component which must be considered in developing an efficient court management system. Accordingly, we direct the Court Statistics and Workload Committee, in addition to its existing duties, to monitor and study the impact of this rule during the next two years. After the two-year study period is completed, the committee shall make its report and its recommendations on this issue to this Court. The committee is directed to solicit and review information provided by trial and appellate judges, committees and members of The Florida Bar, and any other interested parties, and to include in its study the following:
1. The appropriateness of the time frames within each standard;
2. The relationship between the time standards and optimum case load per judge;
3. Improvements in reporting methods and data collection; and
4. The fiscal impact óf costs of equipment and additional personnel needed to acquire accurate information and to monitor the effectiveness of the standards.
We shall consider the committee’s report in conjunction with our cyclical review of the Rules of Judicial Administration. Accordingly, we adopt the following Rule of Judicial Administration and approve its publication:
Rule 2.085. Time Standards for Trial and Appellate Courts
(a)Purpose. Delay causes litigants expense and anxiety. Judges and lawyers have a professional obligation to terminate litigation as soon as it is reasonably and justly possible to do so. However, litigants and counsel shall be afforded a reasonable time to prepare and present their case.
(b)Case Control. The trial judge shall take charge of all cases at an early stage in the litigation and shall control the progress of the case thereafter until the case is determined. The trial judge shall take specific steps to monitor and control the pace of litigation, including the following:
(1) Assuming early and continuous control of the court calendar:
(2) Identifying cases subject to alternative dispute resolution processes;
(3) Developing rational and effective trial setting policies;
(4) Giving older cases and cases of greater urgency priority in trial settings.
(c) Continuances. All judges shall apply a firm continuance policy. Continuances should be few, good cause should be required, and all requests should be heard and resolved by a judge. All motions for continuance shall be signed by the litigant requesting the continuance as well as the litigant’s attorney.
(d) Time Standards. The following time standards are hereby established as a presumptively reasonable time period for the completion of cases in the trial and appellate courts of this state. It is recognized that there are cases that, because of their complexity, present problems that cause reasonable delays. However, most cases should be completed within the following periods:
(1) Trial Court Time Standards:
(A) Criminal
Felony — 180 days (arrest to final disposition)
Misdemeanor — 90 days (arrest to final disposition)
(B) Civil
Jury cases — 18 months (filing to final disposition)
Non-jury cases — 12 months (filing to final disposition)
Small Claims — 95 days (filing to final disposition)
(C) Domestic Relations
*425 Uncontested — 90 days (filing to final disposition)
Contested — 180 days (filing to final disposition)
Temporary support and enforcement of support hearings — 14 days (from day of request)
(D) Probate
Uncontested, no federal estate tax return — 12 months filing to final discharge
Contested, or federal estate tax return — 24 months filing to final discharge
(E) Juvenile
Detention hearings — 24 hours (arrest to hearing)
Adjudicatory hearing (dependency)— 180 days filing of petition to final disposition
Adjudicatory hearing (delinquency) —90 days filing of petition to final disposition
Adjudicatory hearing (child detained) —21 days filing of petition to hearing
(2) Supreme Court and District Courts of Appeal Time Standards:
Rendering a decision — within 180 days of either oral argument or the submission of the case to the court panel for a decision without oral argument
(3) Florida Bar Referee Time Standards:
Report of referee — within 180 days of being assigned to hear the case
(4) Circuit Court Acting as Appellate Court:
Ninety days from submission of the case to the judge for review
(e) Reporting of cases. The time standards require that the following monitoring procedures be implemented:
(1) All pending cases in circuit and district courts of appeal exceeding the time standards shall be listed separately on a report submitted quarterly to the Chief Justice. The report shall include for each case listed, the case number, type of case, case status (active or inactive for civil cases and contested or uncontested for domestic relations and probate cases), the date of arrest in criminal cases, and the original filing date in civil cases. The Office of the State Courts Administrator will provide the necessary forms for submission of this data. The report will be due on the 15th day of the month following the last day of the quarter.
This rule shall become effective July 1, 1986.
BOYD, C.J., and OVERTON, MCDONALD and BARKETT, JJ., concur.
OVERTON, J., concurs specially with an opinion.
EHRLICH, J., concurs in part and dissents in part with an opinion, in which SHAW, J., concurs.
ADKINS, J., dissents.